UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRANISHA MCCOTTRELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:25-cv-1073-SEP |
| ) | |
| KENNELWOOD VILLAGE, INC.,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Tranisha McCottrell's application for leave to proceed without prepayment of fees and costs, Doc. [2]. Based on the application, Plaintiff lacks sufficient funds to pay the filing fee. Her motion is granted, and the fee waived. *See* 28 U.S.C. § 1915(a)(1). After preliminary review, the Court grants Plaintiff 30 days to file an amended complaint on a Court-provided form with copies of her Equal Employment Opportunity Commission (EEOC) Right to Sue letter and her Charge of Discrimination attached.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v.*

---

[1] The Clerk has docketed this action against two defendants: Kennelwood Village, Inc. and Kennelwood Pet Resorts. But Plaintiff indicates in her Complaint that she is bringing this action against Defendant Kennelwood Village, Inc., which is currently doing business as Kennelwood Pet Resorts. The Clerk will therefore be instructed to terminate Defendant Kennelwood Pet Resorts.

*Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law."  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## PLAINTIFF'S COMPLAINT

Plaintiff initiated this employment discrimination action against her former employer, Kennelwood Village, Inc., on July 21, 2025.  Doc. [1].  Plaintiff asserts race discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., and 42 U.S.C. § 1981.  Doc. [1] at 3, 5.  Plaintiff also alleges a racially hostile work environment.  *See id*.  And Plaintiff may mean to assert that she was constructively discharged from Kennelwood for discriminatory reasons—she allegedly lost the job due to "restructuring"—but that is unclear from the face of the Complaint.  *Id*.

Because Plaintiff has not filed her claims on the Court's Employment Discrimination Complaint form, it is difficult to determine the dates associated with her claims, whether she properly exhausted her Title VII claims with the EEOC, and whether she is asserting her claims under Title VII or § 1981.  The Court will therefore require Plaintiff to amend her Complaint on the Court's form per the instructions set forth below.

## DISCUSSION

### I.    Plaintiff must file an amended complaint,

When completing the form, Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure.  Her self-represented status does not excuse her from following the Federal

2

Rules of Civil Procedure or the Local Rules of the Eastern District of Missouri. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8(a)(2)'s "notice pleading standard" requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002). Rule 10(b) requires Plaintiff to state her claims in separate, numbered paragraphs, each limited as far as practicable to a single set of circumstances. Under each claim, Plaintiff should set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff must follow the same format for each claim. The facts supporting each claim should include the adverse employment action(s) Plaintiff believes she suffered, when it occurred, and why it amounted to unlawful conduct. If Plaintiff wishes to pursue claims under both Title VII and § 1981, she must specifically state in the Amended Complaint which claims she is asserting under which statutes.

The Clerk of Court will send Plaintiff an Employment Discrimination Complaint form, and Plaintiff will have 30 days from the date of this Order to file an amended complaint on that form. Any amended complaint must be completed according to the instructions provided herein and signed under penalty of perjury. Filing of an amended complaint completely replaces all earlier-filed pleadings. Claims not realleged in an amended complaint will be deemed abandoned. *E.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).

## II.    Exhaustion is required for claims under Title VII.

Before suing under Title VII, a plaintiff must first file a Charge of Discrimination with the EEOC and receive a Right to Sue letter. *See Stuart v. General Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000). "A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.,* 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citation omitted). Since a person filing EEOC charges typically lacks legal training, charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (citation omitted). Nevertheless, to allow "a complaint to encompass allegations outside the ambit of the predicate

EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (internal quotation marks and citation omitted).

The Complaint does not indicate that Plaintiff has completed the administrative prerequisites to filing suit. Plaintiff must include copies of her Right to Sue letter and her Charge of Discrimination with her amended complaint so that the Court may ascertain whether the claims in her pleadings are like or reasonably related to the claims outlined in her charge. *See Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

**III.    The Complaint fails to meet pleading requirements.**

Plaintiff asserts a race discrimination claim in the terms and conditions of her employment, a racially hostile work environment claim, and a racially discriminatory constructive discharge claim. Plaintiff has not indicated which of those claims she is asserting under Title VII and which under § 1981.

**A.  Plaintiff has not stated a race discrimination claim under Title VII or § 1981.**

To establish a prima facie case of Title VII race discrimination in the terms or conditions of her employment, a plaintiff must show that she:  1) is a member of a protected class; 2) was meeting her employer's legitimate job expectations; 3) suffered an adverse employment action; and 4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). Plaintiff's Complaint does not meet that standard. Plaintiff alleges discrimination based on race, but she never specifies her own race, nor does she allege membership in any protected class. She also fails to allege that she was meeting her employer's job expectations. The Court cannot assume facts that are not alleged. *Stone,* 364 F.3d at 914-15. Plaintiff does not allege any disparate treatment *against her* by Defendant because of her race, nor that similarly situated employees of a different race or color were treated more favorably than she was. If Plaintiff chooses to file an amended complaint, she must allege enough facts to state a plausible claim—i.e., facts that permit a reasonable inference that her past employer is liable for misconduct. *See Iqbal*, 556 U.S. at 678-79.

To bring a claim for race discrimination under § 1981, a plaintiff "must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally

4

protected right." *Comcast Corp. v. Natl'l Assoc. Afr. Am.-Owned Media*, 589 U.S. 327, 340 (2020). Similar to a discrimination claim under Title VII, to establish a prima facie case under § 1981, a plaintiff must allege: 1) membership in a protected class; 2) the intent to discriminate on the basis of race on the part of the defendant; and 3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts). *See Bediako v. Stein Mart, Inc.,* 354 F.3d 835, 839 (8th Cir. 2004). Plaintiff does not have to plead that race was the only factor in an employment action (such as a termination), but she does have to plead that it was one "but for" cause of such an action. *See Bostock v. Clayton Cnty.,* 590 U.S. 644, 654 (2020) (an event may have more than one but for cause). Because Plaintiff fails to allege her race or how it affected her employment at Kennelwood, she fails to make a prima facie case under § 1981.

### B. Plaintiff has not stated a hostile work environment claim under Title VII or § 1981.

To establish a prima facie case for hostile work environment under both Title VII and § 1981, Plaintiff must show: 1) she belongs to a protected group; 2) she was subject to unwelcome harassment; 3) a causal nexus exists between the harassment and the protected group status; 4) the harassment affected a term, condition, or privilege of employment; and 5) her employer knew or should have known of the harassment and failed to take proper action. *See Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021); *see also Greer v. St. Louis Reg'l Med. Ctr.,* 258 F.3d 843, 847 (8th Cir. 2001) (claims alleging a hostile work environment under § 1981 are analyzed using the same standards as Title VII claims). "At the pleading phase, the Court must determine whether the alleged harassment is 'severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe [her] working conditions have been altered.'" *Id.* (quoting *Blomker v. Jewell,* 831 F.3d 1051, 1056 (8th Cir. 2016)).

Plaintiff does not allege how her work environment at Kennelwood was racially abusive. She does not allege, for example, that she was subjected to racial jokes, inappropriate behavior, or physical threats due to her race. Although the Court must liberally construe self-represented complaints, Plaintiff must plead enough factual allegations for her hostile work environment claim to be plausible. *See Iqbal*, 556 U.S. at 679.

5

### C. Plaintiff has not stated a constructive discharge claim under Title VII or § 1981.

Plaintiff asserts, generally, that she was constructively discharged from Kennelwood after a pattern of racially insensitive behavior, unequal treatment, and a hostile work environment. Although a plaintiff may pursue a constructive discharge claim even if she voluntarily resigned, "[t]he bar to show constructive discharge is high." *Bell v. Baptist Health,* 60 F.4th 1198, 1203 (8th Cir. 2023) (quoting *O'Brien v. Dep't of Agric.,* 532 F.3d 805, 810-11 (8th Cir. 2008). To prove a case of constructive discharge, a plaintiff must show 1) a reasonable person in her situation would find the working conditions intolerable, and 2) the employer intended to force her to quit. *Parker v. United States Dep't of Agric.*, 129 F.4th 1104, 1114 (8th Cir. 2025). Additionally, "[a]n employee must ... grant her employer a reasonable opportunity to correct the intolerable condition before she terminates her employment." *Bell,* 60 F.4th at 1203 (quoting *Rester v. Stephens Media, LLC,* 739 F.3d 1127, 1132 (8th Cir. 2014)).

Plaintiff has not alleged facts showing that Defendant intended to force her to quit her job at Kennelwood, or that a reasonable person in her position would have found the working conditions intolerable. Plaintiff likewise fails to allege that she provided Kennelwood with an opportunity to correct the working conditions prior to the end of her employment. If Plaintiff is pursuing a constructive discharge claim, she must clearly articulate her claims in her amended complaint.

### CONCLUSION

The Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), but the Court will allow Plaintiff to file an amended complaint on a Court-provided Employment Discrimination Complaint form within **30 days** of this Order. Plaintiff should attach copies of her EEOC Right to Sue letter and Charge of Discrimination to her amended complaint. As Plaintiff is proceeding *in forma pauperis*, the Court will likewise review the amended complaint under 28 U.S.C. § 1915 for frivolousness, maliciousness, and failure to state a claim. If the amended complaint survives such review, Plaintiff may proceed with this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall terminate Defendant Kennelwood Pet Resorts from the docket sheet.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2], is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within **30 days** of the date of this Order on the Court-provided form, in accordance with the instructions set forth in that form and this Order.  Plaintiff shall attach copies of her EEOC Right to Sue letter and Charge of Discrimination to her amended complaint.

**Failure to timely comply with this Order may result in the dismissal of this action without prejudice.**

Dated this 5th day of January, 2026.

                                                      SARAH E. PITLYK
                                                     UNITED STATES DISTRICT JUDGE